UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-11770-RWZ

WARREN PEPICELLI, *et al.*

v.

FALL RIVER SHIRT CO., INC., *et al.*

ORDER

September 21, 2010

ZOBEL, D.J.

Defendant Fall River Shirt Company, Inc. ("FRS") employed a unionized workforce to manufacture shirts in Fall River Massachusetts. The company fell behind on collective bargaining agreement ("CBA") mandated contributions to employee health and retirement benefit plans. Plaintiffs Warren Pepicelli and James Brubaker, both trustees of the plaintiff UNITE HERE National Health Fund ("Health Fund") and the plaintiff UNITE HERE National Retirement Fund ("Retirement Fund"), brought this lawsuit in September of 2007 against defendants Fall River Shirt Company, Inc. ("FRS"), its Secretary, CEO, and CFO George Nova, its President and Treasurer Albert Metivier, and its vice-president of finance John Colucciello. Plaintiffs claim against FRS under ERISA and the LMRA for delinquent contributions and under ERISA against the individual defendants for breach of fiduciary duty. Defendants Colucciello and Metivier have been dismissed from this action. A plethora of motions from the plaintiffs and defendant Nova are before the court.

## I. Background

FRS was bound by a collective bargaining agreement, an associated memorandum of agreement and a contract extension agreement which created certain obligations in respect to the Health and Retirement Funds. If an eligible employee elected Health Fund coverage, FRS was required to pay into the Health Fund both an amount contributed by the employee and withheld from the employee's paycheck and an amount contributed by employer. FRS was also required to make an employer contribution to the Retirement Fund for eligible employees.

FRS fell behind on required contributions in December of 2005. In December 2006 the two funds reached a settlement agreement with FRS that required the latter to pay the approximately $275,000 in arrears with specified monthly installments. FRS quickly fell behind on these monthly payments. In certain months during 2006 and 2007 the company withheld the employee contribution to the Health Fund from employee paychecks but used the money to pay company expenses rather than remitting it to the Health Fund.

FRS was sold to Alden Shirt Company, LLC ("Alden") in April of 2007 and at some point thereafter the FRS assets were transferred to Herringbone Shirt Manufacturing Company ("Herringbone"), both companies affiliated with the men's clothing designer Joseph Abboud. Alden/Herringbone agreed to indemnify George Nova and Albert Metivier for Health Fund obligations not to exceed $122,314.09 and union dues obligation not to exceed $22,085.00.

In November of 2007, shortly after this lawsuit was filed, the parties reached a tentative agreement to settle for $150,000. Defendants intended that the indemnity would fund all but $5,600 of the settlement. The settlement was subject to approval by the two funds' board of trustees and that approval was not granted until December of 2008. Alden/Herringbone did not honor the indemnification agreement, defendants did not pay the $150,000, and the parties were unable to settle the case.

## II. Pending Motions

### A. Plaintiffs' Motion to Strike Defendant's Answer (Docket # 13)

While the initial answer did not comply with the requirements of Fed. R. Civ. P. 8, the response to this motion corrected the deficiencies. The motion is denied.

### B. Defendant's Motions for Summary Judgment

Defendant argues for summary judgment on the grounds that he is not liable as a fiduciary or, in the alternative, for any amount beyond that withheld from his employees' paychecks (Docket # 22), that his liability was extinguished when FRS was sold in 2007 (Docket # 23), that plaintiffs' unreasonable delay in approving the proposed $150,000 settlement forecloses his liability (Docket # 24), and that the lawsuit is based on a document which defendant has never seen and which was not signed by a representative of FRS (Docket # 24).

#### 1. Personal Liability as a Fiduciary

ERISA provides that a plan fiduciary who breaches any fiduciary duty owed to the plan is personally liable for any plan losses resulting from the breach. 29 U.S.C. § 1109(a). An ERISA fiduciary "exercises any authority or control respecting

management or disposition of [plan] assets," 29 U.S.C. § 1002(21), and plan assets include employee contributions withheld from employee paychecks, Bannistor v. Ullman, 287 F.3d 394, 402 (5th Cir. 2002) (citing cases); see LoPresti v. Terwillinger, 126 F.3d 34, 39-40 (2d Cir. 1997) (finding fiduciary liability where employer used employee contributions to pay company creditors).

Plaintiffs have produced evidence from which a reasonable factfinder could conclude that Nova was a plan fiduciary who breached his fiduciary duty. Nova and the former defendant Metivier were the only corporate officers with the authority to sign corporate checks, they decided whether to remit employee contributions to the plan, and there is no dispute that they used employee contributions to pay operating expenses rather than remit the funds to the plan. (See Answer to Pls.' Mot. 3 at "As to paragraph 27," Docket # 18; Dep. of George J. Nova 67-68, Docket # 29 ex. I.)

Plaintiffs also allege a breach of fiduciary duty in respect to contractually owed employer contributions. These employer contributions are not plan assets and the relationship between the employer and the plan in respect to employer contributions is that of a debtor and creditor, not a fiduciary. In re Halpin, 566 F.3d 286, 290-92 (2d Cir. 2009) (citing cases). Therefore, as a matter of law, Nova is not personally liable, as a fiduciary, for unpaid employer contributions.

### 2. The Sale of FRS

The sale of FRS has no bearing on Nova's personal liability for breach of fiduciary duty while CEO of FRS. See 29 U.S.C. § 1109(b). Any indemnification agreement between FRS and Alden/Herringbone binds only those those entities, not

the plaintiffs.

**3. Delay in Settlement Approval**

Defendant argues that plaintiffs are responsible for the loss of the indemnification funds and should not be allowed to maintain this lawsuit because they knew Alden/Herringbone was facing financial difficulties yet took an unreasonable 13 months to approve the settlement. Defendant cites no law in support of this theory but his argument most closely resembles the doctrine of equitable estoppel. Equitable estoppel requires reasonable reliance on a party's misrepresentation to the reliant's detriment. Nagle v. Action-Boxborough Regional School Dist., 576 F.3d 1, 3 (1st Cir. 2009).

The doctrine does not apply here because defendant points to no misrepresentation and the record shows that he failed to act reasonably. Nova had full notice of this liability at the time FRS was sold, months before a tentative settlement was reached, yet he did not require the indemnification amount be paid into escrow or otherwise secured. The court also recognizes that the plaintiffs had no obligation to enter into the settlement.

**4. Unsigned Document**

Although defendant identifies no legal basis why the inclusion of an unsigned trust agreement (Docket # 1, Ex. D) as an exhibit to the complaint mandates summary judgment, the court notes that plaintiffs rely on the trust agreement only in respect to

their fiduciary duty claim for unpaid employer contributions (Pls.' Opp'n 16, Docket # 32). As the court has already dismissed that claim, this portion of defendant's summary judgment motion is moot.

**C. Motion to Dismiss/Third Party Complaint (Docket # 33)**

Defendant Nova asks the court to (1) dismiss him from the action and order plaintiffs to sue Herringbone and Joseph Abboud; (2) require Herringbone, Joseph Abboud, and another Abboud company named Herringbone Creative Services, Inc., to pay the indemnification; or (3) find Joseph Abboud liable to FRS for misrepresentation. Although titled "Third Party Complaint," this document lacks essential information that must be included in a complaint and has not been served on Herringbone, Joseph Abboud, or Herringbone Creative Services. The motion is denied.

**D. Defendant's Motion to Dismiss (Docket # 34)**

Defendant Nova asks the court to dismiss because two former FRS employees refused to attend an "informal meeting" with him, allegedly at the direction of UNITE officials. If defendant wishes to speak with these witnesses he may seek to depose them in a manner consistent with the Rules of Civil Procedure. They are not obligated to attend an "informal meeting." The motion is denied.

**E. Defendant's Motion to Disallow Evidence (Docket # 39)**

Defendant asks the court to exclude as evidence all documents which plaintiffs removed from the former FRS factory because he was not present when the documents were removed. Herringbone acquired FRS property, including these documents, with the purchase of the company in 2007. Plaintiffs properly served a subpoena, with

notice to defendant, on Herringbone, the possessor of the documents. Herringbone complied with the subpoena and the company's president accompanied plaintiff's counsel during the inspection of the factory. The motion to disallow is denied.

**F. Motion to Request a Jury Trial (Docket # 40)**

There is no right to a jury trial on an ERISA claim. Gammell v. Prudential Ins. Co. of Am., 502 F. Supp.2d 167, 172 (D. Mass. 2007) (citing cases); see Hampers v. W.R. Grace & Co., 202 F.3d 44, 53-54 (1st Cir. 2000) (affirming the district court's denial of a plaintiff's jury demand on the basis that the claim asserted was preempted by ERISA).

**G. Plaintiffs' Motion for Summary Judgment (Docket # 30) and for Entry of Default (Docket # 48) Against FRS**

Three years have passed since the complaint was filed and FRS has yet to answer. Although defendants Nova and Metivier may have intended to answer on behalf of FRS (see Docket # 12), they cannot do so. A corporation must be represented by counsel. In re Victor Publishers, Inc., 545 F.2d 285, 286 (1st Cir. 1976). Default judgment against FRS in the amount of $ 708,855.52 may be entered for plaintiffs.[1] The motion for summary judgment is denied as moot.

## III. Conclusion

Plaintiffs' motion to strike (Docket # 13) is DENIED. Defendant's motion for summary judgment (Docket # 22) is ALLOWED as to the employer contributions and

---

[1]This amount was calculated by plaintiffs on the basis of FRS payroll audits (Aff. of Timothy Clark, Docket # 50) and an accounting of plaintiffs' counsels' time spent and expenses (Aff. of Elizabeth A. Sloane, Docket # 51).

DENIED as to the employee contributions. Defendant's motions for summary judgment (Docket ## 23 and 24) are DENIED. Plaintiffs' Motion for Summary Judgment (Docket # 30) is DENIED AS MOOT. Defendant's motion to dismiss/third party complaint (Docket # 33) is DENIED. Defendant's motion to dismiss (Docket # 34) is DENIED. Defendant's motion to disallow evidence (Docket # 39) is DENIED. Defendant's motion to request a jury trial (Docket # 40) is DENIED. Plaintiffs' motion for default judgment (Docket # 48) is ALLOWED.

September 21, 2010
DATE

/s/Rya W. Zobel
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE