UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-11770-RWZ

WARREN PEPICELLI and JAMES BRUBAKER
AS THEY ARE TRUSTEES OF THE UNITE HERE NATIONAL HEALTH FUND
AND UNITE HERE NATIONAL RETIREMENT FUND

v.

FALL RIVER SHIRT CO., INC.,
GEORGE NOVA, ALBERT METIVIER, and JOHN COLUCCIELLO

ORDER
March 16, 2012

ZOBEL, D.J.

Plaintiffs, trustees of employees' health and retirement funds[1], brought this action to recover delinquent contributions from the employer, Fall River Shirt Company, and certain of its officers, as well as amounts deducted from employees' wages pursuant to the parties' collective bargaining agreement, but not transmitted to the funds. All claims have been settled or adjudicated except one against George Nova, the company's president at the time in issue. Plaintiffs seek resolution of this last claim by a motion for summary judgment (Docket # 83). Much of the history of this case and the underlying facts are recited in an earlier decision dated September 21, 2010 (Docket # 71). To the extent relevant to this proceeding, the findings and conclusions of law in that opinion are incorporated into this decision.

---

[1] UNITE HERE National Health Fund and UNITE HERE National Retirement Fund.

Plaintiffs' remaining claim against Mr. Nova is for the sum of deductions from employees' wages which were not transmitted to the Health Fund. Based on my earlier findings and on plaintiffs' current statement of facts not genuinely in dispute, I rule that

1. Mr. Nova as president of the company had managerial discretion and control over the disposition of plan assets and therefore was a fiduciary under ERISA, 29 U.S.C. § 1002 (21)(A), and had a fiduciary duty to pay such deductions to the Fund.

2. Defendant and Albert Metivier, the treasurer of the company, decided to use the employee contributions to pay operating expenses rather than remit them to the Fund. That decision violated defendant's fiduciary obligation. 29 U.S.C. § 1104(a)(1) (requiring a fiduciary to "discharge his duties with respect to a plan solely in the interest of participants and beneficiaries"); Phelps v. Ct. Enterprises, Inc., 394 F.3d 213, 220 (4th Cir. 2004) (financial condition of employer was no exception where employee had fiduciary duty to make contributions to a plan).

3. Defendant conceded in an earlier pleading (Docket # 22) that the amount deducted from the employee payroll and not remitted was $138,562.12. These unpaid employee contributions are considered plan assets.

4. Defendant is personally liable for the amounts collected and not remitted. 29 U.S.C. § 1109(a).

Defendant responds to the instant motion, as he has to the complaint and earlier dispositive motions, by blaming plaintiffs for failing to approve promptly a settlement offer by a purchaser of the assets of the company. As pointed out in the earlier opinion, defendant cites no authority in support of his position. To the extent he may

be arguing equitable estoppel, the argument fails because he does not show any misrepresentations by plaintiffs nor any reliance on such by defendant.

The motion for summary judgment is allowed. Plaintiffs are entitled to judgment against defendant George Nova in the amount of $138,562.12. Since all claims have now been resolved, plaintiffs shall prepare a form of judgment as to all.

|  March 16, 2012  | /s/Rya W. Zobel |
|---|---|
| DATE | RYA W. ZOBEL |
| | UNITED STATES DISTRICT JUDGE |